## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN GENERAL INSURANCE COMPANY, | ) ) ) | CASE NO. 8:11CV174 |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| JENNIFER OLSON, BRADEN OLSON, BROCK OLSON, and JEFFREY OLSON REVOCABLE TRUST through Jennifer Olson, as Trustee | ) ) ) ) ) ) | |
| Defendants, | ) | |

This matter is before the Court on the parties' Joint Motion to Distribute Funds, Dismiss Plaintiff with Prejudice, and Dismiss Lawsuit (Filing No. 12).  Pursuant to the parties' Joint Motion, the Court finds that the parties each agree that:

1.  Plaintiff American General Insurance Company ("Plaintiff") should be allowed to distribute the proceeds of life insurance policy no. YM00036853, insuring the life of Jeff Olson, deceased (the "Funds").

2.  Plaintiff may distribute the Funds directly to the Defendants, Jennifer Olson, Braden Olson, Brock Olson, and the Jeffrey Olson Revocable Trust.

3.  The agreed distribution will satisfy Plaintiff's obligation to pay all proceeds due under the Policy and Plaintiff may be immediately dismissed, with prejudice, from this action.

4.  Defendant Jennifer Olson will satisfy all obligations to the John A. Gentleman Mortuaries arising from the funeral arrangements for Jeff Olson, deceased.

The Joint Motion complies with the requirements of Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and the Court concludes that it should be granted.  Accordingly,

IT IS ORDERED:

1. The parties' Joint Motion to Dismiss with Prejudice and Distribute Funds (Filing No. 12) is granted in part;

2. All parties named in this lawsuit and claiming an interest in the proceeds from Jeff Olson's life insurance Policy No. YM00036853 are enjoined from taking any action against Plaintiff arising out of or relating to the proceeds of Jeff Olson's life insurance Policy No. YM00036853 or the facts forming the basis of this suit;

3. Within twenty-one (21) days of the entry of this Order, Plaintiff shall mail checks to Defendants' counsel of record, payable as follows:

   (a) In the amount of One Hundred Twenty-Five Thousand and No/100 Dollars ($125,000.00), payable to the Jeffrey Olson Revocable Trust; and

   (b) In the amount of One Hundred Twenty-Five Thousand and No/100 Dollars ($125,000.00), payable to Jennifer Olson.

4. Upon receipt of the checks described above, Defendants shall immediately file a notice with the Court that the funds have been received and the Court will enter a final order dismissing the Plaintiff from this action, with prejudice, and otherwise dismissing the lawsuit;

5. Jennifer Olson shall be solely responsible for any obligations due to John A. Gentleman Mortuaries;

6. The parties are excused from filing a Rule 26(f) planning report as anticipated by the Court's Scheduling Letter (Filing No. 11);

7. By virtue of the agreement between the parties, the Court will not assess costs or attorney fees in this case; and

8.  The Court will not retain jurisdiction for the purpose of enforcing the terms of the motion and this order.

DATED this 22nd day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge